**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | | |
|---|---|---|
| *In re*: | * | |
| | * | **BANRKUPTCY NO. 12-18460** |
| **MANSOOR AHMAD** | * | |
| **TAHIRA AHMAD** | * | |
| | * | |
| Debtors | * | **CHAPTER 13** |

| | | |
|---|---|---|
| **MANSOOR AHMAD** | * | |
| **TAHIRA AHMAD** | * | |
| | * | |
| Movants | * | |
| | * | |
| v. | * | |
| | * | |
| **MCT FEDERAL CREDIT UNION** | * | |
| | * | |
| Respondent | * | |

### MOTION PURSUANT TO LOCAL RULE 3012-1 TO AVOID LIEN OF MCT FEDERAL CREDIT UNION ON DEBTOR'S PRINCIPAL RESIDENCE PURSUANT TO 11 U.S.C. § 506

COME NOW, MANSOOR AHMAD and TAHIRA AHMAD (herein the "Debtors") through their counsel Robinson S. Rowe, and present their Motion Pursuant To Local Rule 3012-1 To Avoid Lien of MCT FEDERAL CREDIT UNION ("Respondent") on Debtors' Principal Residence Pursuant To 11 U.S.C. § 506 and respectfully states as follows:

1. At the time of the filing of their bankruptcy petition and now, the Debtors were the owners of certain real property and improvements known as 24208 Club View Dr., Gaithersburg, MD 20882, (herein the real property") and more particularly described as:

Lot numbered Twelve (12) in Block lettered "G" in the subdivision known as "PLAT 10, THE PLANTATIONS," as per plat thereof recoded in Plat Book 113 at Plat 13271, among the Land Records of Montgomery County, Maryland.

2. On or about April 17, 2012 the Debtors had their house appraised at $280,000.00. A copy of the Appraisal is attached as **Exhibit A**.

3. There is a Note that is allegedly secured by a first deed of trust against the real property that is either held or serviced by GMAC.

4. Upon information and belief, the balance of the principal on the note allegedly secured by the first deed of trust against the real property, as of the date the Chapter 13 petition was filed, was approximately $288,310.00 with interest accruing thereon.

5. There is a Note that is allegedly secured by a second deed of trust against the real property that is held or serviced by the Respondent.

6. Upon information and belief, the balance of the principal on the Note secured by the second deed of trust against the real property, per the Proof of Claim filed on May 17, 2012, was approximately $98,186.17 with interest accruing thereon.

7. Upon information and belief, the balance of the principal on the note allegedly secured by the first deed of trust against the real property exceeds the fair market value of the real property.

8. The second lien allegedly in favor of Respondent is therefore wholly unsecured pursuant to 11 U.S.C. § 506.

WHEREFORE, Debtors respectfully pray that this Court:

A. Declare the second lien allegedly held by Respondent to be wholly unsecured and subject to stripoff;

B. Declare the second lien allegedly held by Respondent to be null and void;

C. Order Respondent to release its second lien against the real property;

D. Award the Debtors such other and further relief as is just and proper.

Respectfully submitted this 6th day of June, 2012

By: **/s/ Robinson S. Rowe**

Robinson S. Rowe, Bar No. #27752
5906 Hubbard Drive
Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2012, a true copy of the foregoing Motion Pursuant To Local Rule 3012-1 to Avoid Lien of MCT Federal Credit Union on Debtor's Principal Residence Pursuant to 11 U.S.C. § 506, Notice of Motion, Proposed Order, and Proof of Valuation were served certified mail postage prepaid with return receipt on:

MCT Federal Credit Union
c/o Thom Beck
15901 Frederick Rd.
Rockville, MD 20855

                                                             **/s/ Robinson S. Rowe**
                                                             Robinson S. Rowe, Bar No. 27752